Attorneys—I. L. Jacobson, for Kirk et al; McMahon, Corwin & Landis, for Weldy.

---

### No. 806

### SZAKAL v. STATE

Ohio Appeals, 2nd District, Montgomery County
No. 524. Decided June 29, 1923

### 5. INTOXICATING LIQUORS.

Affidavit in the language of the statute relating transporting of liquor, held sufficient.

BY THE COURT.

### Epitomized Opinion

Szakal was indicted for transporting whiskey in the City of Dayton. As the affidavit under which the defendant was convicted did not state the places from which and to which said transportation was had, or explain a failure so to do, the accused claimed that it was insufficient. In sustaining the conviction, the Court of Appeals held:

1. The criminal act charged in the affidavit, to wit, transporting liquor, is definitely set forth in the statute and where the affidavit follows the language of the statute it is sufficient. (Citing Oras v. State, decided by Judge Snediker of the Common Pleas Court of Montgomery County.)

---

### No. 807

### SCHUR v. STEINFELD

Ohio Appeals, 8th District, Cuyahoga County
No. 4565. Decided Oct. 8, 1923

### 231. LANDLORD AND TENANT.

Breach of covenant not to lease adjoining premises for simiplar purposes is no defense to action for rent under lease.

SULLIVAN, J.

### Epitomized Opinion

Action to reverse the action of the Cleveland Municipal Court in rendering judgment on the pleatings. Steinfeld sued Schur for rent due under a lease. Schur admitted the lease, the default in the rental, but averred that Steinfeld violated a clause in the lease providing that the lessor should not rent any portion of the premises and the premises adjacent and owned by the lessor for the purpose of conducting a wholesale grocery, by permitting the property to be used by other tenants for wholesale purposes. Schur did not seek by cross-petition damages for breach of the lease. In affirming the judgment, the Court of Appeals held:

1. "That the defendants below had their remedy and refused it in the court below, there can be no question, because the rights of the parties could have been legally adjusted in accordance with law by the filing of a cross-petition, with such allegations as would open the door for evidence of damages as to the breach of the lease in so many words in the statement of defense. The defendants below chose to rest upon what they deemed their legal rights, to wit, that they could refuse to pay the rent and occupy the premises simultaneously, and thus clothe themselves with all the benefits that would belong exclusively to the actual owner of the property. When we face these irresistible facts, they are so repugnant to each other and so inconsistent with the principles of right and wrong that we are forced to the conclusion that we are correct in our view of the case and that no error prejudicing the substantial rights of the plaintiffs in error were committed by the court below.

Attorneys—David & Heald, for Schur; Mooney, Hahn, Loeser & Keough, for Steinfeld.